FILED

2026 Jun-25  AM 09:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| **v.** } | **Case No.  2:26-cr-163-AMM-HNJ** |
| } | |
| **JADARRIUS MARTEZ DUNCAN,** } | |
| **AJA DENAE MOTON, and** } | |
| **RONSTRACO DE'MARTEZ JOHNSON** } | |

## PROTECTIVE ORDER

Upon the Government's unopposed motion for a protective order pursuant to Rule 16(d)(1) of the *Federal Rules of Criminal Procedure* (Doc. 27), the Court finds that good cause has been established to enter a Protective Order concerning the use, dissemination and disposition of certain information that may be disclosed during discovery proceedings in this case.  The Court grants the motion and hereby ORDERS the following:

1.      In accordance with the Court's previously entered Standing Discovery Order, the United States may disclose to the defendant's counsel un-redacted discovery containing information about the government's uses of confidential sources or other Personal Identifying Information.

2.      The defendant's counsel shall:

    a.  use the Protected Discovery Material only as necessary to represent the defendant in this case;

b. acknowledge that their client understands the sensitive nature of this discovery, that it should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

c. not leave the Protected Discovery Material in the control or custody of the defendant or any person who is not a professional member of the defense team;

d. limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain any Protected Discovery Material; and

e. collect and return to the Government all paper and electronic copies of any Protected Discovery Material or, alternatively, destroy those items. Nothing in this requirement is intended to interfere with defense counsel's obligations under the *Alabama Rules of Professional Conduct* to retain client files for a reasonable time period.

3. Protected Discovery Material may be subject to redaction before documents can be used in open court or a public filing. This Order does not affect the

redaction requirements for materials filed with the Court in compliance with Rule 49.1 of the *Federal Rules of Criminal Procedure*.  Such redaction is still required.

4.    The procedures for use of the Protected Discovery Material during any hearing or trial shall be determined by the Court in advance of the hearing or trial.  No party shall file (except under seal) or disclose in open court documents containing personally identifying information without prior consultation with the Court.

5.    Persons accepting disclosure of the Protected Discovery Material pursuant to the terms of this Order shall be deemed to submit themselves to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

**DONE** and **ORDERED** this 24th day of June, 2026.

_____
HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE

3